Zheng v. Lynch

BIA
Poczter, IJ
A200 892 654

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION ASUMMARY ORDER@). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand fifteen.

PRESENT:
>  JOSÉ A. CABRANES,
>  GERARD E. LYNCH,
>  RAYMOND J. LOHIER, JR.,
>      *Circuit Judges*.

_____

Xueyun Zheng,
>  *Petitioner*,

>  v.                                          14-89
>                                              NAC

Loretta E. Lynch, United States
Attorney General,
>  *Respondent*.[1]

_____


FOR PETITIONER:          Zhou Wang, New York, NY.

---

[1] - **Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.**

**FOR RESPONDENT:**                    Joyce R. Branda, Acting
                                       Assistant Attorney General;
                                       Anthony W. Norwood, Senior
                                       Litigation Counsel; Aaron D.
                                       Nelson, Trial Attorney, United
                                       States Department of Justice,
                                       Civil Division, Office of
                                       Immigration Litigation,
                                       Washington, D.C.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of a Board of Immigration Appeals ("BIA") decision is **DENIED**.

Xueyun Zheng, a native and citizen of the People's Republic of China, seeks review of a December 13, 2013, decision of the BIA affirming the April 9, 2012, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Xueyun Zheng*, No. A200 892 654 (B.I.A. Dec. 13, 2013), *aff'g* No. A200 892 654 (Immig. Ct. N.Y. City Apr. 9, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable

2

standards of review are well established.  *See* 8 U.S.C. §
1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d
Cir. 2009).  Zheng does not argue that the agency erred in
affirming the IJ's denial of CAT relief; she argues only
that there is pattern or practice of persecuting Roman
Catholics in China and that the BIA therefore erred in
affirming the IJ's denial of her application for asylum and
withholding of removal.

To establish a pattern or practice of persecution of a
particular group, a petitioner must demonstrate that the
harm to that group constitutes persecution, is perpetrated
or tolerated by state actors, and is "so systemic or
pervasive as to amount to a pattern or practice of
persecution."  *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A.
2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir.
2007) (accepting the BIA's standard as a reasonable one,
while noting that it does not make clear "how systemic,
pervasive, or organized persecution must be before the Board
would recognize it as a pattern or practice").

Here, substantial evidence supports the agency's
determination that Zheng did not establish a pattern or

3

practice of persecution against Catholics in China. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). If the agency "explicitly discussed the pattern or practice claim and the record includes substantial documentary evidence regarding the conditions in petitioner's homeland, we are able to reach the conclusion that the agency's decision was not erroneous." *Santoso v. Holder*, 580 F.3d 110, 112 n.1 (2d Cir. 2009). The IJ explicitly addressed Zheng's claim and found no pattern or practice of persecution of Catholics in China because, although the evidence showed continued repression of religion and harassment of church groups, that treatment varied by region and was not pervasive in Zheng's home province of Fujian, and the most severe harm was reserved for church leaders. *See Jian Hui Shao*, 546 F.3d at 149-50, 159-60, 163-65. The 2009 U.S. State Department International Religious Freedom Report on China discusses some destruction of underground churches and arrests of parishioners, but does not mention any incidents in Fujian province.

Zheng contends that the agency did not adequately consider evidence that some Catholics were arrested or

4

assaulted in China.  She cites in support of her claim record evidence that: some unregistered religious groups have been abolished and criminalized; officials in some areas detained Catholics who attended unregistered churches; and in 2005 in Fujian province Chinese authorities arrested and beat a Roman Catholic priest and his parishioners. That evidence, however, does not demonstrate systemic or pervasive persecution of Catholics either across China or in Fujian province. Accordingly, the agency did not err in finding that Zheng had not shown a pattern or practice of persecution of Roman Catholics in China, and as a result is not eligible for asylum or withholding of removal.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5